MARSHA JONES MOUTRIE
City Attorney
ANTHONY P. SERRITELLA (SBN 72597), Deputy City Attorney
1685 Main Street, Room 310
Santa Monica, California 90401
Telephone: (310) 458-8361
Facsimile: (310) 451-5862
anthony.serritella@smgov.net

Attorneys for Defendants
CITY OF SANTA MONICA, a municipality, and the
Santa Monica Police Department, a dependent and non-suable
department of said municipality

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONNELL ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> SANTA MONICA POLICE DEPARTMENT; CITY OF SANTA MONICA; and DOES 1 through 25, inclusive <br><br> Defendants. | CASE NO.: CV10 5942 DMG (CWx) <br><br> (Los Angeles Superior Court Case No. BC 437985 <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT UNDER 28 U.S.C. §§ 1441(a) AND 1446(a); DECLARATION OF ANTHONY P. SERRITELLA IN SUPPORT THEREOF** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant, CITY OF SANTA MONICA, CALIFORNIA (and its dependent department, Santa Monica Police Department), a public entity (hereinafter "City") hereby removes this action from the Superior Court for the State of California, County of Los Angeles to the United States District Court, Central District of California.  The removal is made pursuant to 28 U.S.C. § 1446(a), on the facts set forth below:

1.     The City is the defendant in a civil action filed in the Superior Court of the State of California for the County of Los Angeles entitled *Vonnell Adams vs. Santa Monica Police Department; City of Santa Monica, California, and Does 1*

1

1   *through 25, inclusive*, Superior Court Case No. BC 437985. Plaintiff filed his

2   Complaint for Damages on May 18, 2010. A true and correct copy of plaintiff's

3   Summons, Complaint for Damages, ADR Information Package, Civil Case Cover

4   Sheet and addenda thereto, are attached collectively hereto as Exhibit "A." (Please

5   see the attached declaration.)

6       2.    This action meets the original jurisdiction requirements of 28 U.S.C. §

7   1441(a) and is removable by defendant pursuant to 28 U.S.C. § 1446(a). A case is

8   removable from state to federal court if the action could have been originally

9   commenced in the federal court. 28 U.S.C. § 1441(a). The propriety of removal is

10   determined at the time the petition for removal is filed; and when the complaint states

11   a claim invoking the original jurisdiction of the federal court, the action is removable.

12   The federal courts have original jurisdiction over employment actions alleging

13   violations of Title VII (42 U.S.C. § 2000e) and the Age Discrimination in

14   Employment Act (29 U.S.C. §621). *See* 28 U.S.C. § 1343. Moreover, pursuant to 28

15   U.S.C. § 1331, the federal district courts have original jurisdiction over actions such

16   as this one involving federal questions.

17       3.    The gravamen of this action are the federal claims set forth in the Fourth

18   and Fifth Causes of Action alleged in plaintiff's Complaint for Damages.

19       4.    State claims are also asserted in the First, Second, Third, and Sixth

20   Causes of Action alleged in plaintiff's Complaint for Damages. When an action

21   originally filed in state court is removed to federal court, the federal court has

22   jurisdiction under 28 U.S.C. § 1367(a) to determine not only the federal claims but all

23   supplemental claims "that are . . . closely related to" the federal claims. *See, United*

24   *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)(referring to pendent jurisdiction).

25       5.    The City of Santa Monica (and its dependent department, the Santa

26   Monica Police Department), was served as a defendant in the action on July 12, 2010,

27   and filed its answer in state court on August 9, 2010. (Please Exhibit "B" to the

28

attached declaration.)

6.     The City (and its police department) consents to this removal.

7.     Other than unnamed and unserved "Doe" defendants identified in the caption, there are no other named defendants in this lawsuit, and thus, there are no defendants other than the City of Santa Monica (and its police department) who need to consent in order for this case to be removed.

8.     The Notice of Removal is filed with this Court within 30 days after the first-served defendant, which was served on April 26, 2010.

9.     A Notice of Removal to Federal District Court (attached as Exhibit "C" without attachment) is being filed concurrently in this Court and in the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is hereby removed to the United States District Court, Central District of California.


DATED: August 9, 2010                    Respectfully submitted,


                                         MARSHA JONES MOUTRIE
                                         City Attorney

                                         By _____
                                            ANTHONY P. SERRITELLA
                                            Deputy City Attorney
                                            Attorneys for Defendant
                                            CITY OF SANTA MONICA

NOTICE OF REMOVAL TO DISTRICT COURT

## DECLARATION OF ANTHONY P. SERRITELLA

I, ANTHONY P. SERRITELLA, declare:

1.      I am a member of the Bar of this Court and am employed as a Deputy City Attorney for the City of Santa Monica. I have been assigned by my office the primary responsibility for representing the City of Santa Monica in the lawsuit currently pending in the Superior Court of the State of California for the County of Los Angeles entitled *Vonnell Adams vs. Santa Monica Police Department; City of Santa Monica, California, and Does 1 through 25, inclusive*, Superior Court Case No. BC 437985.

2.      True and correct copies of plaintiff's Summons, Complaint for Damages, ADR Information Package, Civil Case Cover Sheet and addenda thereto, are attached collectively hereto as Exhibit "A."

3.      The City of Santa Monica, and its police department, was served with the foregoing summons and complaint on July 12, 2010. A true and correct copy of the Answer to Complaint by Defendant City of Santa Monica; Demand for Jury Trial filed in the Superior Court on August 9, 2010, is attached hereto as Exhibit "B."

4.      I have been instructed by my office on behalf of our client, the City of Santa Monica, to consent to removal of this action.

5.      Other than unnamed and unserved "Doe" defendants identified in the caption, there are no other named defendants in this lawsuit, and thus, there are no defendants other than the City of Santa Monica who need to consent in order for this

4

1  case to be removed.

2

3     6. This Notice of Removal is being filed with this Court within 30 days after

4  the first-served defendant, City of Santa Monica, which, as noted above, was served

5  with the summons and complaint on July 12, 2010.

6

7     7. This Notice of Removal is being simultaneously filed in this Court and in the

8  Los Angeles Superior Court. (Please see attached Exhibit "C"-without attachments.)

9

10     I declare under penalty of perjury that the foregoing is true and correct and that

11  this declaration was executed at Santa Monica, California, on the 10th day of August,

12  2010.

13

14                                    _____
                                    ANTHONY P. SERRITELLA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT "A"</u>

*Summons and Complaint*

6

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **SUM-100** |

RECEIVED
OFFICE OF THE
CITY CLERK

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 18 2010

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

2010 JUL 12 A CONFORMED COPY

SANTA MONICA, CALIF.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SANTA MONICA POLICE DEPARTMENT; CITY OF SANTA MONICA; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VONNELL ADAMS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

**BC 4 3 7 9 8 5**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Furutani, Furutani & Peters, 350 W. Colorado Blvd., #200, Pasadena, CA 91105 626-844-2437

DATE:
*(Fecha)*   MAY 18 2010   JOHN A. CLARKE, Clerk, by   M. GARCIA   , Deputy
Clerk, (Secretario)   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Santa Monica

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 416.50   A Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SANTA MONICA POLICE DEPARTMENT; CITY OF SANTA
MONICA; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VONNELL ADAMS

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 18 2010

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles Superior Court

111 N. Hill Street, Los Angeles, CA 90012

</td><td>

CASE NUMBER:
*(Número del Caso):*

BC 437985

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Furutani, Furutani & Peters, 350 W. Colorado Blvd., #200, Pasadena, CA 91105  626-844-2437

| DATE: | MAY 18 2010 JOHN A. CLARKE, CLERK | Clerk, by M. GARCIA | , Deputy |
|---|---|---|---|
| *(Fecha)* | | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Santa Monica Police Department

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50  A Public Entity

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

John A. Furutani [SBN #161757]
FURUTANI & PETERS, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
Telephone: (626) 844-2437
Facsimile: (626) 844-2442
E-mail: JAFurutani@furutani-peters.com

Mark C. Peters [SBN 160611]
DUCKWORTH · PETERS · LEBOWITZ LLP
235 Montgomery Street, Suite 1010
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: mark@dplsf.com

Attorneys for Plaintiff

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 8 2010

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES -Unlimited Jurisdiction

BC 4 3 7 9 8 5

| | |
|---|---|
| VONNELL ADAMS,<br><br>      Plaintiff,<br><br>v.<br><br>SANTA MONICA POLICE DEPARTMENT;<br>CITY OF SANTA MONICA; and DOES 1<br>through 25, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **Racial and Discrimination in Violation of Government Code §12940**<br>(2) **Violation of Government Code §12940(k)**<br>(3) **Violation Of Public Policy**<br>(4) **Violation of Title VII – Race Discrimination**<br>(5) **Violation of the Age Discrimination in Employment Act**<br>(6) **Breach of Implied Written Contract**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff VONELL ADAMS alleges as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff VONNELL ADAMS (hereinafter "ADAMS") is currently a resident of
Los Angeles County, California and is currently 54 years old.

-1-

COMPLAINT FOR DAMAGES

1       2.    At all times relevant herein, defendants SANTA MONICA POLICE

2   DEPARTMENT (hereafter "SMPD") and the CITY OF SANTA MONICA (hereafter "CITY")

3   were plaintiff's employers.

4       3.    ADAMS sues fictitious defendants Does 1-25 because their names and/or

5   capacities and/or facts showing them to be liable are not known presently.  On information and

6   belief, ADAMS alleges that their entities and/or capacities shall be ascertained through

7   discovery.  ADAMS will seek leave to amend this complaint to show their true names and

8   capacities when the same has been ascertained.  On information and belief, ADAMS alleges that

9   each defendant designated herein as fictitious defendants were in some manner responsible for

10  the occurrences and damages alleged herein.

11      4.    ADAMS is informed and believes and thereon alleges that each of the defendants

12  herein, including those fictitiously named, were at all times relevant to this action, the agent,

13  employer, partner, supervisor, managing agent, joint venturer, alter ego or part of an integrated

14  enterprise of the remaining defendants and each were acting within the course and scope of that

15  relationship.

16      5.    ADAMS is further informed and believes and thereon alleges that each of the

17  defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the

18  remaining defendants, including those fictitiously named defendants.

19      6.    ADAMS is African-American. Since May 1995, ADAMS has been employed by

20  defendants as a police officer, and has been stationed at the Santa Monica Airport sub-station as

21  a sworn officer. At no time has ADAMS received the minimum salary range which the SMPD

22  has publicized for its sworn officers. In fact, ADAMS' current salary is approximately $20,000

23  less than the minimum annual salary publicized for sworn officers by the SMPD.

24      7.    From about 2000-2003, plaintiff made complaints to defendants CITY and SMPD

25  about the unfair treatment he received from his then-superior, Sergeant Willard Kemp. Plaintiff

26  also filed a complaint with the Equal Employment Opportunities Commission ("EEOC") in 2003

-2-

**COMPLAINT FOR DAMAGES**

*10*

regarding such conduct. Shortly thereafter, and also in retaliation for reporting the wrongful conduct by Mr. Kemp and later filing a complaint with the EEOC, plaintiff began experiencing discriminating treatment from his fellow officers and his superiors, which continues to this day. Plaintiff is informed and believes and thereon alleges that defendants CITY and SMPD failed, and continue to fail, to take reasonable steps to cease such harassment and discrimination.

8.     From such date, plaintiff began experiencing harassment and discrimination from his superiors and fellow officers. For example, although it was traditional for all officers stationed at the Santa Monica Airport to participate in training of new hires given the three different eight hour shifts, plaintiff was routinely not allowed to train new hires or ride with new hires to assess their job performance. Instead, these duties were conducted by non-African-American officers. In 2007, plaintiff complained to his superior, Sergeant Jeff Wiles, when a police assistant was hired but was only trained by non-African-American officers. Sergeant Wiles stated that he would schedule newly-hired personnel to train with plaintiff, but never followed through on such promise.

9.     In 2008, another search for a new police assistant was being conducted by Sergeant Wiles and Officer Leo Iniguez. After plaintiff saw Officer Iniguez escorting several applicants around the airport facilities, plaintiff later approached Officer Iniguez and inquired as to the candidacy of a female African-American candidate. Officer Iniguez responded that "She's BLACK" and began laughing and drove off. A female Hispanic was subsequently hired for the position, and once again plaintiff was not allowed to train this person or ride with her to assess her job performance.

10.     In 2008, another male Hispanic was hired as a police officer at the Santa Monica Airport sub-station. Again, plaintiff was not included in this officer's training, nor has such officer ever rode with plaintiff so that plaintiff could assess the newly hired officer's job performance.

11.     Within the past three years, defendants' Hispanic officers at the Santa Monica

-3-

1   Airport sub-station and Sergeant Wiles have never patrolled or trained with plaintiff, and often

2   excluded plaintiff from activities based on his race. Plaintiff has been routinely harassed and

3   criticized by Sergeant Wiles for being in the sub-station office and about plaintiff's use of

4   SMPD-issued radios at the Santa Monica Airport. Sergeant Wiles has further criticized plaintiff,

5   including criticisms listed in plaintiff's annual review, for activities which plaintiff did not

6   perform which are not required of plaintiff or any other officer at the Santa Monica Airport sub-

7   station. Such criticism includes plaintiff's alleged failure to "assist the sweeping crew sweeping

8   the runway at 0300 hours", which is not part of plaintiff's job duties. Sergeant Wiles attributed

9   plaintiff's failure to assist the runway sweeping crew as an example of plaintiff's "lack of

10  initiative" and that such failure "exhibits a weakness in" plaintiff's "ability to work

11  independently", which are clear racial stereotypes.  Plaintiff believes that such harassment and

12  unwarranted criticism is based on racial discrimination.

13       12.    After being continuously subjected to this unlawful harassment and

14  discrimination, on or about May 3, 2009 plaintiff sent an e-mail to Sergeant Wiles and

15  Lieutenant Doug Theus of the SMPD and requested a discussion regarding problems which

16  plaintiff foresaw coming, and about the pattern of conduct which plaintiff was experiencing with

17  Sergeant Wiles which reminded plaintiff of the relationship which he had with Sergeant Kemp.

18       13.    In response to plaintiff's concerns about Sergeant Wiles' conduct towards him,

19  Sergeant Wiles conducted plaintiff's 2008-2009 annual evaluation and as mentioned above,

20  made numerous negative and unfounded comments about plaintiff which plaintiff contends is in

21  retaliation to plaintiff's complaints about the harassment and discrimination plaintiff

22  encountered.

23       14.    In July 2009, Sergeant Wiles called plaintiff into his office and introduced

24  plaintiff to a Lieutenant Keane of SMPD. After receiving his 2008-2009 annual review, plaintiff

25  indicated that he did not agree with the review and listed reasons why he believed the review was

26  inaccurate and unjustified. During this discussion, Lt. Keane stated to plaintiff "If you don't like

27

-4-

COMPLAINT FOR DAMAGES

1  the job, you should quit and find another one". Plaintiff thereafter submitted a July 26, 2009

2  letter to Lt. Theus to address what he believed was a false evaluation of his job performance and

3  stated that he believed the annual review was biased, unfair, and contained personal and negative

4  overtones regarding Sergeant Wiles feelings towards plaintiff.

5      15.    In August 2009, defendants CITY and SMPD began taking applications for the

6  Lead Airport Service Officer position at the Santa Monica Airport sub-station. Pursuant to the

7  policies and procedures set forth by defendants CITY and SMPD, defendants were to conduct a

8  process wherein candidates would be ranked and the top three candidates would then be

9  interviewed for the vacant position, with a final selection to be made following such interviews.

10  On or about October 6, 2009, defendant CITY sent a letter to plaintiff which confirmed that

11  plaintiff passed the promotional examination process for the Lead Airport Service Officer

12  position and that he would receive written notification with contact information for a final

13  selection interview. On or about October 7, 2009, CITY sent plaintiff a letter which stated that he

14  was to contact Sergeant Wiles to arrange for the interview. On October 9, 2009, plaintiff sent

15  Sergeant Wiles an e-mail which requested that Sergeant Wiles contact him for the final selection

16  interview. Sergeant Wiles failed to do so.

17      16.    On or about October 16, 2009, Sergeant Wiles advised plaintiff that Officer

18  Iniguez had been selected for the Lead Airport Service Officer position. Plaintiff immediately

19  asked Sergeant Wiles how that could have happened since plaintiff had not been interviewed.

20  Sergeant Wiles gave no response.

21      17.    On or about November 1, 2009, Sergeant Wiles sent an e-mail to another

22  candidate, John Grammatico, and advised Mr. Gramatico that Officer Iniguez had been promoted

23  to the Lead Airport Service Officer position.

24      18.    In making such a promotion to Officer Iniguez without following its own

25  procedures and policies, defendants CITY and SMPD violated plaintiff's rights and improperly

26  denied plaintiff this promotion based on his race and on his age, all in violation of California

27

-5-

13

Government Code § 12940 and Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967. Defendants CITY and SMPD failed to follow their own practices and procedures in making such selection, and had no intent in allowing plaintiff to be genuinely considered for the position. The selection process was a sham, and plaintiff was the best candidate for the position and should have received the promotion.

19.    After receiving complaints that defendants CITY and SMPD violated the procedures and policies for the Lead Airport Service Officer position, defendants CITY and SMPD created a sham process to make it appear that the actual procedures and policies for selection of the Lead Airport Service Officer position were being followed. On or about November 3, 2009, plaintiff received an e-mail from Sergeant Wiles which stated that interviews for the position would take place on November 3, 2009. On November 4, 2009, plaintiff received an e-mail from Lt. Theus of SMPD which stated that the interview times would be changed. On November 13, 2009, plaintiff received an e-mail which confirmed that Officer Iniguez had been selected for the Lead Airport Service Officer position.

20.    Of the three alleged final candidates for the Lead Airport Service Officer position, plaintiff was the most qualified, as he had more experience than the other two candidates. Further, Officer Iniguez should not have been selected for the position as he routinely violated defendants' policies by storing his personal property and vehicles at the Santa Monica Airport sub-station facilities, and by dumping refuse at the facility. Officer Iniguez also received favorable treatment by CITY and SMPD that was not accorded to plaintiff.

21.    On or about February 18, 2010, ADAMS obtained a Right to Sue Notice from the EEOC and the California Department of Fair Employment and Housing ("DFEH"). ADAMS is informed and believes and thereon alleges that the right to sue letters were served upon defendants by the EEOC and DFEH.

-6-

**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

**(for Racial and Age Discrimination in Violation of Government Code § 12940 against all defendants)**

22.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 21 and incorporates them herein as though fully set forth.

23.     This action is brought pursuant to California Government Code § 12940(a), Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, all of which prohibit an employer from discriminating against a person because of such person's race and age, among other things.

24.     Defendant's CITY and SMPD, by and through their agents, including Does 1-25, discriminated against plaintiff because of plaintiff's race and age, and refused to promote plaintiff to the Lead Airport Service Officer position due to his race and age. Plaintiff is currently 54 years old.

25.     The conduct of defendants CITY, SMPD and Does 1-25 as alleged herein constitutes an unlawful employment practice in violation of Government Code § 12940, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967.

26.     As a direct, foreseeable and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to plaintiff's damage in an amount according to proof, which exceeds the minimum jurisdictional requirements of this Court.

27.     Defendants CITY, SMPD and Does 1-25, and each of them, committed the acts described above oppressively, fraudulently and maliciously, and in conscious disregard of plaintiff's rights. Therefore, plaintiff is entitled to an award of punitive damages in an amount according to proof.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (for Violation of Government Code § 12940(k) against all defendants)

28.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 27 and incorporates them herein as though fully set forth.

29.    Government Code § 12940(k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

30.    Since at least 2003, defendants CITY, SMPD and Does 1-25 were aware of plaintiff's claims of discrimination. Said defendants violated their duties under Government Code § 12940(k) and committed an unlawful employment practice by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring to plaintiff while plaintiff was employed by defendants, and by actively participating in discrimination against plaintiff due to his race.

31.    As a direct, foreseeable and proximate result of defendants' violation of Government Code § 12940(k), plaintiff once again became a victim of discrimination and has suffered, and continues to suffer, damages in an amount according to proof, but which exceeds the minimum jurisdictional requirements of this Court.

32.    Defendants CITY, SMPD and Does 1-25, and each of them, violated Government Code § 12940(k) in conscious disregard of plaintiff's rights, and are guilty of oppression and malice. Therefore, plaintiff is entitled to an award of punitive damages in an amount according to proof.

## THIRD CAUSE OF ACTION

### (for Violation of Public Policy against all defendants)

33.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 32 and incorporates them herein as though fully set forth.

-8-

**COMPLAINT FOR DAMAGES**

34.     Government Code § 12920 provides that it is the public policy of the State of California that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation. Federal laws also protect plaintiff from discrimination based on race.

35.     CITY, SMPD and Does 1-25 violated public policy by among other things, discriminating against plaintiff due to plaintiff's race and age (54), by refusing to promote plaintiff despite the fact that he was the most qualified candidate, and by conducting a sham promotional process wherein CITY, SMPD and Does 1-25 selected Officer Iniguez for the position before final interviews of the top candidates had even occurred. Such conduct was in contravention to federal law and California's Fair Employment and Practices Act and constituted an adverse employment action against plaintiff.

36.     As a direct, foreseeable and proximate result of CITY's, SMPD's and Does 1-25's violations of the public policy of the State of California, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount according to proof.

37.     Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive and intentional manner in order to injure and damage plaintiff, plaintiff hereby requests the assessment of punitive damages against CITY, SMPD and Does 1-25 in an amount appropriate to punish and make an example of CITY, SMPD and Does 1-25.

-9-

17

# FOURTH CAUSE OF ACTION

## (for Violation of Title VII –Race Discrimination against all defendants)

38.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 37 and incorporates them herein as though fully set forth.

39.    This cause of action is brought pursuant to Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991, Pub.L.102-166, and 28 U.S.C.1343 and the corresponding federal regulations.

40.    At all times relevant herein, defendants CITY, SMPD and Does 1-25 regularly employed 15 or more persons, thereby bringing it within the provisions of Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended, prohibiting employers from discriminating against employees on the basis of race.

41.    Defendants, and each of them, discriminated, harassed and retaliated against plaintiff on the basis of his race, African-American, by conduct, including but not limited to:  (a) imposing conditions on plaintiff that were not imposed upon similarly situated non-African-American employees; (b) creating, failing to remedy, and ratifying a hostile and offensive working environment that included, but was not limited to, segregation of plaintiff from other non-African American personnel at the Santa Monica Airport sub-station and refusing to allow plaintiff to participate in the training of new hires; (c) failing to pay plaintiff at the same rate of pay received by similarly situated sworn officer employees for similar work; and (d) failing to take the necessary steps to prevent, investigate and remedy the hostile work environment plaintiff was subjected to even after plaintiff reported the offensive conduct to his superiors and to attorneys working for CITY.

42.    Defendants CITY, SMPD and Does 1-25 were responsible for the acts and omissions alleged above because said acts and omissions were committed by supervisory employees of defendants CITY and SMPD and/or CITY and SMPD had knowledge of such conduct but failed to take prompt remedial steps.

-10-

COMPLAINT FOR DAMAGES

43.     Plaintiff alleges that his race, African-American, was a determining factor in the terms and conditions of his employment.

44.     On information and belief, plaintiff alleges that the actions of defendants CITY, SMPD and its employees, as alleged above, constitute a custom, policy, pattern and practice of discriminating against African-American employees on the basis of race.  Upon information and belief, plaintiff alleges that defendants CITY and SMPD were aware or should have been aware of such a custom, policy, pattern and practice.

45.     As a direct and proximate result of defendants' unlawful conduct herein alleged, plaintiff has suffered lost wages and other fringe benefits in an amount in excess of the jurisdiction of the Court, the exact amount to be proven at trial.

46.     As a further direct and proximate result of defendants' conduct, plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the amount of damages not yet fully ascertained, but in excess of the jurisdiction of this Court, the precise amount to be proven at trial.

47.     The conduct of defendants, its agents and employees alleged herein was fraudulent, oppressive, and malicious.  Plaintiff is informed and believes and thereon alleges that defendants CITY, SMPD and Does 1-25 authorized and approved the fraudulent, oppressive, and malicious conduct of its agents and employees alleged herein, and/or that defendants CITY, SMPD and Does 1-25 had advance knowledge that those of its agents and employees who committed the wrongful acts alleged herein were unfit to be employed by CITY, SMPD and Does 1-25 which nevertheless employed them with a conscious disregard for the rights of plaintiff, thereby entitling plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of defendants CITY, SMPD and Does 1-25.

48.     As a further, direct and proximate result of defendants' unlawful conduct, as alleged above, plaintiff is entitled to recover, in addition to the damages alleged above,

-11-

1   reasonable attorneys' fees and costs pursuant to 42 U.S.C. 2000e-5(k) and 42 U.S.C. 1988.

2

3                              **FIFTH CAUSE OF ACTION**

    **(for Violation of the Age Discrimination in Employment Act against all defendants)**

4        49.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through

5   48 and incorporates them herein as though fully set forth.

6        50.     This cause of action is brought pursuant to the Age Discrimination in

7   Employment Act of 1967, as amended, 29 U.S.C. 621, et seq., and the corresponding federal

8   regulations.

9        51.     At all times relevant herein, defendants CITY, SMPD and Does 1-25 regularly

10  employed 20 or more persons, thereby bringing it within the provisions of the Age

11  Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq., prohibiting

12  employers from discriminating against employees on the basis of age.

13       52.     Defendants, and each of them, discriminated, harassed and retaliated against

14  plaintiff on the basis of his age (54 years old as of September 1, 2009), by conduct, including but

15  not limited to: (a) promoting younger, less qualified person to the position of Lead Airport

16  Services Officer; (b) awarding the Lead Airport Services Officer to a younger applicant without

17  even allowing plaintiff to complete the interview process; and (c) awarding the Lead Airport

18  Services Officer to a younger applicant before plaintiff had even interviewed for the position and

19  despite the fact that defendants' policies and procedures required that all final candidates be

20  granted an interview prior to the selection of any applicant to the position.

21       53.     Defendants CITY, SMPD and Does 1-25 were responsible for the acts and

22  omissions alleged above because said acts and omissions were committed by supervisory

23  employees of defendants CITY and SMPD and/or CITY and SMPD had knowledge of such

24  conduct but failed to take prompt remedial steps.

25

26

27

                                    -12-

54.    Plaintiff alleges that his age was a determining factor in the terms and conditions of his employment and the refusal of defendants to consider him for promotion to the Lead Airport Services Officer position.

55.    As a direct and proximate result of defendants' unlawful conduct herein alleged, plaintiff has suffered lost wages and other fringe benefits in an amount in excess of the jurisdiction of the Court, the exact amount to be proven at trial.

56.    As a further direct and proximate result of defendants' conduct, plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the amount of damages not yet fully ascertained, but in excess of the jurisdiction of this Court, the precise amount to be proven at trial.

57.    The conduct of defendants, its agents and employees alleged herein was fraudulent, oppressive, and malicious.  Plaintiff is informed and believes and thereon alleges that defendants CITY, SMPD and Does 1-25 authorized and approved the fraudulent, oppressive, and malicious conduct of its agents and employees alleged herein, and/or that defendants CITY, SMPD and Does 1-25 had advance knowledge that those of its agents and employees who committed the wrongful acts alleged herein were unfit to be employed by CITY, SMPD and Does 1-25 which nevertheless employed them with a conscious disregard for the rights of plaintiff, thereby entitling plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of defendants CITY, SMPD and Does 1-25.

## SIXTH CAUSE OF ACTION

### (for Breach of Implied Written Contract against all defendants)

58.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 57 and incorporates them herein as though fully set forth.

---

COMPLAINT FOR DAMAGES

59.     Defendants CITY and SMPD have set forth in writing to the public, including plaintiff, via statements on SMPD's website and other written materials, that sworn officers employed by CITY and SMPD receive benefits which include, but are not limited to:

a.      Annual salary ranges of $69,492-85,768.

b.      City paid medical, dental and vision insurance.

c.      CALPERs retirement plan -- 3% at age 50, with 9% employee contribution paid by the CITY.

d.      Educational incentives.

e.      Court standby pay.

f.      Longevity pay.

60.     Plaintiff is, and at all times herein was, a sworn officer employed by CITY and SMPD. Accordingly, as a result of defendants CITY's and SMPD's representations to the public regarding the benefits received by its sworn officers, an implied in fact written contract has been created between plaintiff and defendants CITY and SMPD whereby plaintiff would receive the same and/or equal benefits as all other sworn officers employed by defendants CITY and SMPD receive in the amounts and conditions which defendants represented to the public, including plaintiff.

61.     Defendants CITY and SMPD have breached this implied contract by failing to pay plaintiff an annual salary of at least $69,492 and failing to provide plaintiff with the benefits which defendants CITY and SMPD have stated in writing that sworn officers such as plaintiff are to receive via their employment with CITY and SMPD.

62.     As a result of this breach of contract, plaintiff has been damaged in an amount according to proof which exceeds the minimum jurisdictional requirements of this Court.

COMPLAINT FOR DAMAGES

1   WHEREFORE, plaintiff demands judgment against defendants, and each of them:

2   **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH CAUSES OF ACTION**

3   1.   For damages in an amount according to proof;

4   2.   For punitive damages in an amount according to proof;

5   3.   For reasonable attorney's fees as provided by statute, including Government Code

6   § 12965(b);

7   **ON THE SIXTH CAUSE OF ACTION**

8   4.   For damages in an amount according to proof;

9   **ON ALL CAUSES OF ACTION**

10   5.   For costs of suit incurred herein; and

11   6.   For such other and further relief as the Court may deem just and proper.

12

13   Date: May 17, 2010        FURUTANI & PETERS, LLP

14

15   By: _____

16        JOHN A. FURUTANI
         Attorneys for Plaintiff

17   **PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

18

19   Date: May 17, 2010        FURUTANI & PETERS, LLP

20

21   By: _____

22        JOHN A. FURUTANI
         Attorneys for Plaintiff

23

24

25

26

27

-15-

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John A. Furutani, Esq. CSB 161757
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
TELEPHONE NO.: 626-844-2437    FAX NO.: 626-844-2442
ATTORNEY FOR *(Name):* plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

CASE NAME:
Adams v. Santa Monica Police Department; City of Santa Monica

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 8 2010

John A. Clarke, Executive Officer/Clerk

BY MARIA GARCIA, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder | | |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE: 
DEPT: BC 4 3 7 9 8 5

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
✓ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ✓ punitive
4. Number of causes of action *(specify):* Six
5. This case ☐ is ✓ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 17, 2010
John A. Furutani
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.

24

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Adams v. Santa Monica Police Department, et al. | BC 437985 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ___ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Law Courts, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

25

| SHORT TITLE:<br>Adams v. Santa Monica Police Department, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

*26*

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Adams v. Santa Monica Police Department, et al. | |

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)**<br><br>Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. . |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation**<br><br>Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment**<br><br>Enforcement of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints**<br><br>RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions**<br><br>Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Adams v. Santa Monica Police Department, et al. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE | | ADDRESS:<br>3223 Donald Douglas Loop South |
| --- | --- | --- |
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY:<br>Santa Monica | STATE:<br>CA    ZIP CODE:<br>90405 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 17, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

28

NOTICE SENT TO:

Furutani, John A., Esq.
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena,        CA   91105

ORIGINAL FILED
FILE STAMP

JUN 1 1 2010

LOS ANGELES
SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

VONNELL ADAMS

                    Plaintiff(s),

        VS.

SANTA MONICA POLICE DEPARTMENT ET AL

                    Defendant(s).

CASE NUMBER

BC437985

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  October 25, 2010  at  8:30 am  in  Dept. 48 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  June 11, 2010

**Elizabeth Allen White**

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  June 11, 2010

John A. Clarke, Executive Officer/Clerk

by _____**SHARI SATO**_____, Deputy Clerk

LACIV 132 (Rev. 09/07)

Cal. Rules of Court, rule 3.720-3.730

29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**BC 437985**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                    **NOTICE OF CASE ASSIGNMENT –**                    Page 1 of 2
LASC Approved 05-06                               **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

31

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

32

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party **Select** Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel**
The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**
The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**
The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

23

**EXHIBIT "B"**

*Answer*

34

1   MARSHA JONES MOUTRIE
     City Attorney
2   ANTHONY P. SERRITELLA (SBN 72597), Deputy City Attorney
     1685 Main Street, Room 310
3   Santa Monica, California 90401
     Telephone: (310) 458-8361
4   Facsimile: (310) 451-5862
     anthony.serritella@smgov.net

5   Attorneys for Defendants
     CITY OF SANTA MONICA, a municipality, and the
6   Santa Monica Police Department, a dependent and non-suable
     department of said municipality

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10

11   VONNELL ADAMS,                CASE NO.: BC 437985
                               *(Assigned to Hon. Elizabeth Allen White, Dept.*
12         Plaintiff,            *"48")*

13        v.                       **ANSWER TO COMPLAINT FOR**
                               **DAMAGES; DEMAND FOR JURY TRIAL**
     SANTA MONICA POLICE DEPARTMENT;
14   CITY OF SANTA MONICA; and DOES 1 through
     25, inclusive
15

16           Defendants.

17

18        COMES NOW defendant CITY OF SANTA MONICA, a municipality (and its dependent

19   department, the Santa Monica Police Department), and answers the Complaint for Damages herein,

20   as follows:

21        1. On information or belief, admits the allegations contained in Paragraph 1.

22        2. In response to Paragraph 2, admits only that the City of Santa Monica is plaintiff's

23   employer, and that plaintiff is assigned to work within the Santa Monica Police Department, a

24   dependent department of said city.

25        3. In response to Paragraphs 3, 4, and 5, denies each and every allegation contained therein

26   on lack of information or belief.

27        4. In response to Paragraph 6, admits that plaintiff is African-American, but denies each and

28   every other allegation contained therein.

*35*

5. In response to Paragraph 7, lacks sufficient information or belief to respond specifically to the allegations contained therein, and based thereon, denies each and every one of those allegations.

6. Denies the allegations contained in Paragraphs 8 through 20, inclusive.

7. In response to Paragraph 21, admits that DFEH issued a Right to Sue Notice on or about the specified date, but denies that the notice permits suit for each claim or cause of action asserted in the Complaint for Damages herein.

8. In response to Paragraph 22, incorporates by reference the averments contained in Paragraphs 1 through 7, inclusive, of this Answer.

9. Admits the rhetorical allegations contained in Paragraph 23, but avers that the referenced legal authorities contain specific requisites and elements not met by plaintiff.

10. Denies the allegations contained in Paragraphs 24 through 27, inclusive.

11. In response to Paragraph 28, incorporates by reference the averments contained in Paragraphs 1 through 10, inclusive, of this Answer.

12. Denies the allegations contained in Paragraphs 29 through 32, inclusive.

13. In response to Paragraph 33, incorporates by reference the averments contained in Paragraphs 1 through 12, inclusive, of this Answer.

14. Denies the allegations contained in Paragraphs 34 through 37, inclusive.

15. In response to Paragraph 38, incorporates by reference the averments contained in Paragraphs 1 through 14, inclusive, of this Answer.

16. Denies the allegations contained in Paragraphs 39 through 48, inclusive.

17. In response to Paragraph 49, incorporates by reference the averments contained in Paragraphs 1 through 16, inclusive, of this Answer.

18. Denies the allegations contained in Paragraphs 50 through 57, inclusive.

19. In response to Paragraph 58, incorporates by reference the averments contained in Paragraphs 1 through 18, inclusive, of this Answer.

20. Denies the allegations contained in Paragraph 59 because each subparagraph therein is incomplete and misleading, but generally admits that sworn officers are entitled to certain benefits.

1    21. Denies the allegations contained in Paragraphs 60 through 62, inclusive.

2

3    As separate and distinct affirmative defenses, defendant alleges:

4

5    ### FIRST AFFIRMATIVE DEFENSE

6    ### (FAILURE TO STATE A CAUSE OF ACTION)

7    22.    The complaint and each cause of action fail to state facts sufficient to constitute a

8    cause of action against defendant.

9

10    ### SECOND AFFIRMATIVE DEFENSE

11    ### (NO POLICY, CUSTOM OR PRACTICE)

12    23.    There was no constitutional or statutory deprivation pursuant to a governmental

13    policy, custom or practice.

14

15    ### THIRD AFFIRMATIVE DEFENSE

16    ### (PLAINTIFF FAILED TO ACT REASONABLY TO MITIGATE)

17    24.    Plaintiff failed to act reasonably to mitigate any damages alleged in this action by

18    filing a grievance with the City or otherwise seeking prompt redress.

19

20    ### FOURTH AFFIRMATIVE DEFENSE

21    ### (PLAINTIFFS' FAILURE TO EXHAUST)

22    25.    Plaintiff has failed to submit claims to either the DFEH or EEOC which substantially

23    comply with the complaint procedures established by law.  In addition, plaintiff did not avail himself

24    of the appeal remedies provided pursuant to the Santa Monica Municipal Code.  By reason of such

25    failures, plaintiff has failed to exhaust his administrative remedies prior to bringing suit.

26

27    //

28

### FIFTH AFFIRMATIVE DEFENSE

### (DEFENDANT HAD LEGITIMATE, NONDISCRIMINATORY REASONS)

26.     The employment actions taken as to plaintiff were for legitimate non-discriminatory reasons relating to his job performance and qualifications.

### SIXTH AFFIRMATIVE DEFENSE

### (PLAINTIFF FAILED TO COMPLY WITH TORTS CLAIMS ACT)

27.     To the extent that plaintiff alleges a cause of action in tort or contract, such plaintiff has failed to comply with the requirements of the Tort Claims Act (Government Code §§ 910 - 951).

### SEVENTH AFFIRMATIVE DEFENSE

### (DEFENDANT IMMUNE FROM LIABILITY)

28.     To the extent that plaintiff alleges a cause of action in tort, defendant is immune from liability pursuant to the privileges and immunities provided in the Government Code, including but not limited to Government Code §§ 815, 815.2 and 818.8.

### EIGHTH AFFIRMATIVE DEFENSE

### (DEFENDANT DID NOT RATIFY UNLAWFUL ACTS)

29.     Responding defendant did not ratify any unlawful act of any other defendant.

### NINTH AFFIRMATIVE DEFENSE

### (ESTOPPEL, UNCLEAN HANDS, CONSENT, LACHES)

30.     Plaintiff is estopped from receiving relief due to his own acts under the doctrines of estoppel, unclean hands, consent and laches.

//

//

38

## TENTH AFFIRMATIVE DEFENSE

### (NO ENTITLEMENT TO ATTORNEY'S FEES)

31.     Plaintiff is not entitled to recover attorney's fees against the responding defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (PRIVILEGE)

32.     Any personnel action taken with respect to plaintiff was lawful and privileged, and undertaken in accordance with lawful personnel practices, rules and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

33.     Some or all of plaintiffs' claims are barred by the statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (DISCRETIONARY IMMUNITY APPLICABLE)

34.     Defendant exercised its discretion in a lawful manner and is thereby immunized from liability herein by reason of Government Code § 820.2.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (NO ENTITLEMENT TO PUNITIVE OR EXEMPLARY DAMAGES)

35.     Under Government Code § 818, Civil Code § 3294 *et seq.*, and *Fact Concerts v. Newport* defendant is not liable for punitive or exemplary damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (APPROPRIATE INVESTIGATION PERFORMED)

36.     To the extent plaintiff attempts to state a claim based on alleged failure to investigate, such claim fails to state a cause of action, since defendant fairly and exhaustively conducted a good

ANSWER OF DEFENDANT; DEMAND FOR JURY

39

1   faith investigation, and properly concluded that no discrimination or retaliation occurred.

2

3   ## SIXTEENTH AFFIRMATIVE DEFENSE

4   ### (SANTA MONICA POLICE DEPARTMENT NOT A SUABLE ENTITY)

5       37.    The Santa Monica Police Department is a dependent department of the City of Santa

6   Monica, has no legal existence apart from the City, and is not a suable entity.

7

8       **WHEREFORE,** defendant CITY OF SANTA (and its dependent department, Santa Monica

9   Police Department) prays that:

10       1.    Plaintiff takes nothing by his complaint, and that judgment be rendered in favor of

11   said defendant;

12       2.    Defendant be awarded attorney's fees and costs of suit incurred in this case, as

13   permitted by statute or decisional law; and

14       3.    The Court grant such other and further relief as may be appropriate under the

15   circumstances.

16

17   DATED:  August 6, 2010

Respectfully submitted,

18   MARSHA JONES MOUTRIE
City Attorney

19

20   By: _____

21   ANTHONY P. SERRITELLA
Deputy City Attorney

22

23   Attorneys for Defendant
CITY OF SANTA MONICA

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendant CITY OF SANTA MONICA hereby demands a jury trial.

DATED:  August 6, 2010

Respectfully submitted,

MARSHA JONES MOUTRIE
City Attorney

By: _____
ANTHONY P. SERRITELLA
Deputy City Attorney

Attorneys for Defendant
CITY OF SANTA MONICA

7

ANSWER OF DEFENDANT; DEMAND FOR JURY

41

**PROOF OF SERVICE**

*Vonnell Adams vs. Santa Monica Police Department, et al.*

No. BC 437985

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1685 Main Street, Third Floor, Santa Monica, California 90401-3295.

On August 6, 2010, I served the document(s) described as **ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

☒    by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

John A. Furutani, Esq.
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105

Attorneys for Plaintiff
(626) 844-2437
(626) 844-2442
JAFurutani@furutani-peters.com

Mark C. Peters, Esq.
Duckworth Peters Lebowitz LLP
235 Montgomery Street, Suite 1010
San Francisco, CA 94104

Co-Counsel for Plaintiff
(415) 433-0333
(415) 449-6556
mark@dplsf.com

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FAX:** I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐    **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☒    [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    [Federal]    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 6, 2010, at Santa Monica, California.

*Maria Comer*

Maria Comer

42

**EXHIBIT "C"**

*Notice to Adverse Party of Removal*

43

1  MARSHA JONES MOUTRIE
   City Attorney
2  ANTHONY P. SERRITELLA (SBN 72597), Deputy City Attorney
   1685 Main Street, Room 310
3  Santa Monica, California 90401
   Telephone: (310) 458-8361
4  Facsimile: (310) 451-5862
   anthony.serritella@smgov.net

5  Attorneys for Defendants
   CITY OF SANTA MONICA, a municipality, and the
6  Santa Monica Police Department, a dependent and non-suable
   department of said municipality
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10

11  VONNELL ADAMS,                        CASE NO.: BC 437985
                                          (Assigned to Hon. Elizabeth Allen White,
               Plaintiff,                 Dept. "48")
12

13       v.                               NOTICE TO ADVERSE PARTY RE:
                                          REMOVAL OF ACTION TO
14  SANTA MONICA POLICE                   FEDERAL DISTRICT COURT
    DEPARTMENT; CITY OF SANTA
15  MONICA; and DOES 1 through 25,
    inclusive

16            Defendants.

17

18      TO PLAINTIFF, VONNELL ADAMS, AND TO HIS ATTORNEYS OR

19  RECORD:

20       PLEASE TAKE NOTICE that the CITY OF SANTA MONICA, and its

21  dependent department, SANTA MONICA POLICE DEPARTMENT, filed a Notice

22  of Removal of Action to Federal Court in the United States District Court, Central

23  District of California, on August 10, 2010.

24       A true and correct copy of the Notice of Removal is attached to this notice, and

25  is served and filed herewith.

26       //

27       //

28
                                    1
                     NOTICE TO ADVERSE PARTY OF REMOVAL

44

DATED:    August 10, 2010

Respectfully submitted,

MARSHA JONES MOUTRIE
City Attorney

By _Courtney V. Snell_
ANTHONY P. SERRITELLA
Deputy City Attorney
Attorneys for Defendant
CITY OF SANTA MONICA

2

### PROOF OF SERVICE

*Vonnell Adams vs. Santa Monica Police Department, et al.*

No. BC 437985

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1685 Main Street, Third Floor, Santa Monica, California 90401-3295.

On August 10, 2010, I served the document(s) described as **A NOTICE TO ADVERSE PARTY RE: REMOVAL OF ACTION TO FEDERAL DISTRICT COURT** on the interested parties in this action as follows:

☒   by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

John A. Furutani, Esq.                    Attorneys for Plaintiff
Furutani & Peters, LLP                    (626) 844-2437
350 W. Colorado Blvd., Suite 200          (626) 844-2442
Pasadena, CA 91105                        JAFurutani@furutani-peters.com

Mark C. Peters, Esq.                      Co-Counsel for Plaintiff
Duckworth Peters Lebowitz LLP             (415) 433-0333
235 Montgomery Street, Suite 1010         (415) 449-6556
San Francisco, CA 94104                   mark@dplsf.com

☒   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FAX:** I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☒   [State]          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   [Federal]   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 10, 2010, at Santa Monica, California.

*Maria Comer*

Maria Comer

*46*

**PROOF OF SERVICE**

*Vonnell Adams vs. Santa Monica Police Department, et al.*

No. BC 437985

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1685 Main Street, Third Floor, Santa Monica, California 90401-3295.

On August 10, 2010, I served the document(s) described as **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT UNDER 28 U.S.C. §§ 1441(a) AND 1446(a); DECLARATION OF ANTHONY P. SERRITELLA IN SUPPORT THEREOF** on the interested parties in this action as follows:

☒    by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| John A. Furutani, Esq.<br>Furutani & Peters, LLP<br>350 W. Colorado Blvd., Suite 200<br>Pasadena, CA 91105 | Attorneys for Plaintiff<br>(626) 844-2437<br>(626) 844-2442<br>JAFurutani@furutani-peters.com |
| Mark C. Peters, Esq.<br>Duckworth Peters Lebowitz LLP<br>235 Montgomery Street, Suite 1010<br>San Francisco, CA 94104 | Co-Counsel for Plaintiff<br>(415) 433-0333<br>(415) 449-6556<br>mark@dplsf.com |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX:** I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☐ [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 10, 2010, at Santa Monica, California.

_____
Maria Comer

47